IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KORIN N BRADLEY,

    Petitioner,

v.                                            CASE NO. 1:14-cv-194-MP-GRJ

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a document which the Court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner was required to amend his petition on the correct form, and either pay the $5 filing fee or submit a motion for leave to proceed as a pauper. Doc. 4.

After Petitioner failed to comply with this order, the Court ordered Petitioner to show cause on or before December 22, 2014, as to why this case should not be dismissed for failure to comply with a court order, and failure to prosecute. Doc. 7. Petitioner has failed to respond to the Order.

The Eleventh Circuit has stated that "[t]he district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir.1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to

prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1(A).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir.1985). Here, Petitioner's failure to provide the Court with an amended petition and either pay the filing fee or file a motion for leave to proceed as a pauper and failure to respond to the Court's Order to Show Cause evidence a complete disregard of the Court's Orders and the abandonment of Petitioner's case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed without prejudice for failure to comply with a court order and for failure to prosecute.

**IN CHAMBERS** this 24th day of December 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.